IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MAY SISK, individually, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No._____ |
| LLBJ, LLC a/k/a LLBJ REAL ESTATE HOLDINGS, LLC, a foreign limited liability company, | * * * * | |
| Defendant. | * | |

## COMPLAINT

Plaintiff MAY SISK ("SISK" or "Plaintiff") hereby sues Defendant LLBJ, LLC a/k/a LLBJ REAL ESTATE HOLDINGS, LLC ("LLBJ, LLC" or "Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant LLBJ, LLC's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is properly located in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The

Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

3. Plaintiff, MAY SISK, is and has been at all times relevant to the instant matter, a natural person residing in Tennessee and is sui juris.

4. Plaintiff is an individual with disabilities as defined by the ADA and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes.

5. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make her home community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the subject property, including returning to Mazatlan Mexican Restaurant as soon as it is accessible ("Advocacy Purposes").

6. Defendant, LLBJ, LLC, is a foreign limited liability company conducting business in the State of Tennessee and within this judicial district.

**FACTUAL ALLEGATIONS**

7. In August of 2019, Plaintiff was a patron at Mazatlan Mexican Restaurant, a business located at 839 Briley Parkway, Nashville, Tennessee.

8. LLBJ, LLC, is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically Mazatlan Mexican Restaurant and its

attendant facilities, including vehicular parking and exterior paths of travel within the site identified by the Nashville Planning Department by Parcel ID: 10700008600 ("Subject Facility", Subject Property).

9. Plaintiff lives less than 3 miles from the Subject Facility.

10. Because Mazatlan Mexican Restaurant is in the immediate vicinity of the Plaintiff's residence, she is constantly in the area where the subject facility is located and therefore travels near the Subject Facility each time she leaves her residence, i.e., numerous times every week.

11. Plaintiff's access to Mazatlan Mexican Restaurant located at 839 Briley Parkway, Nashville, Tennessee ("Subject Property", "Subject Facility"), and/or full and equal enjoyment of the food, beverages, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant, LLBJ, LLC, is compelled to remove the physical barriers to access and correct the ADA violations that exist at Mazatlan Mexican Restaurant, including those set forth in this Complaint.

12. Plaintiff has visited Mazatlan Mexican Restaurant at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting Mazatlan Mexican Restaurant within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when Mazatlan Mexican Restaurant is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

13. Living in the immediate vicinity, Plaintiff intends on revisiting Mazatlan Mexican Restaurant to enjoy the same dining experience and related services as a non-disabled patron as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to

access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

14. Plaintiff traveled to dining experience and related services as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Mazatlan Mexican Restaurant.

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

15. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

16. Mazatlan Mexican Restaurant is a public accommodation and service establishment.

17. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

18. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

19. Mazatlan Mexican Restaurant must be, but is not, in compliance with the ADA and the ADAAG.

20. Plaintiff has attempted to, and has to the extent possible, accessed Mazatlan Mexican Restaurant in her capacity as a patron at Mazatlan Mexican Restaurant and as an

independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Mazatlan Mexican Restaurant that preclude and/or limit her access to Mazatlan Mexican Restaurant and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

21. Plaintiff intends to visit Mazatlan Mexican Restaurant again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the food, beverages, services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of Mazatlan Mexican Restaurant but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Mazatlan Mexican Restaurant that preclude and/or limit her access to Mazatlan Mexican Restaurant and/or the food, beverages, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

22. Defendant, LLBJ, LLC, has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Mazatlan Mexican Restaurant, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

23. Defendant, LLBJ, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, LLBJ, LLC, is compelled to remove all physical barriers that exist at Mazatlan Mexican Restaurant, including those specifically set forth herein,

Page 5 of 13

Case 3:19-cv-01017   Document 1   Filed 11/15/19   Page 5 of 13 PageID #: 5

and make Mazatlan Mexican Restaurant accessible to and usable by Plaintiff and other persons with disabilities.

24. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Mazatlan Mexican Restaurant and the full and equal enjoyment of the food, beverages, services, facilities, privileges, advantages and accommodations of Mazatlan Mexican Restaurant include, but are not limited to:

## PARKING

a. The plaintiff could not utilize the parking facility without the fear and stress of being unable to exit or re-enter her vehicle due to the likelihood of a vehicle being parked directly beside her vehicle because the defendant failed to provide access aisles serving the designated accessible spaces in violation of Section 4.6 of the 1991 ADAAG and Sections 208 and 502 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to exit and enter her vehicle while parked at the Subject Property.

b. The plaintiff could not safely offload her wheelchair from her vehicle because there is no designated van accessible parking space present (which is required to provide sufficient space for her to safely and independently exit her vehicle) in violation of Section 4.6 of the 1991 ADAAG and Sections 208, 302 and 502 of the 2010 ADAAG. This violation made it difficult and dangerous for Plaintiff to exit and enter her vehicle while parked at the Subject Property.

c. The plaintiff could not safely utilize the parking facility because the designated accessible parking spaces were not level in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. This violation made it difficult for Plaintiff to access Mazatlan Mexican Restaurant from the parking lot.

d. The plaintiff could not safely utilize the parking facility without the fear and stress of being unable to re-enter her vehicle because of the likelihood of a vehicle being parked directly beside her vehicle because the accessible parking space had no visible

upright signage so that the space could be identified with a car parked in the space in violation of Section 4.6 of the 1991 ADAAG and Sections 302 and 502 of the 2010 ADAAG. This violation made it difficult and dangerous for Plaintiff to exit and enter her vehicle while parked at the Subject Property.

### ACCESSIBLE ROUTES

e.  The plaintiff could not safely traverse the accessible route from the parking spaces to the accessible entrance because the route requires wheelchair users to pass behind parked vehicles and, though unmarked, crosses vehicular way. This dangerous condition is maintained by Defendant in contravention of Section 4.3 of the 1991 ADAAG and Section 502.3 of the 2010 ADAAG. This violation made it difficult for Plaintiff to access Mazatlan Mexican Restaurant from the parking lot.

f.  The plaintiff was unable to safely traverse the only path of travel from the accessible parking stalls to the restaurant's entrance due to changes in level within the parking lot which are too steep as a result of poor maintenance of the path of travel by Defendant. Violations: There are changes in level along the only possible paths of travel to access the subject facilities which exceed ¼ to ½ inches in violation of Sections 4.3 and 4.5.2 of the 1991 ADAAG and Section 403 of the 2010 ADAAG. These accessible features are not being maintained by Defendant in violation of 28 CFR § 36.211. These violations made it dangerous and difficult for Plaintiff to access Mazatlan Mexican Restaurant from the parking lot.

### BUILT-UP CURB RAMP

g.  The plaintiff could not safely utilize the built-up curb ramp as the transition at the bottom of the ramp was too high because of cracked and/or broken pavement. Violation: The transition from the parking facility pavement to the bottom edge of the built-up curb ramp is not flush or free of abrupt vertical changes in level due to the defendant's failure to maintain this accessible element in violation of 28 CFR § 36.211, Section 4.7.2 of the 1991 ADAAG, and Sections 303.3 and 406 of the 2010 ADAAG. These violations made it difficult for Plaintiff to access Mazatlan Mexican Restaurant from the parking lot.

h.  The plaintiff could not safely use the built-up curb ramp along the accessible route from the accessible parking spaces to the

entry door as the ramp projects into the vehicular traffic lane along the facility storefront. Violation: The built-up curb ramp extends into the lane of vehicular way which runs through the parking facility. This is a violation of Section 4.7.6 of the 1991 ADAAG and Section 406.5 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to access Mazatlan Mexican Restaurant from the parking lot.

i. The plaintiff could not safely traverse the path of travel from the parking area to the restaurant entrance because the curb ramp run had flared side slopes that were too steep and lacked the required level top landing area. Violation: The curb ramp's flared side slopes exceed 1:10 and has no top ramp level landing area in violation of Section 4.7.5 and 4.8.4 of the 1991 ADAAG and Sections 406.3 and 406.4 of the 2010 ADAAG. These violations made it difficult for Plaintiff to access Mazatlan Mexican Restaurant from the parking lot.

## MAINTENANCE PRACTICES

j. Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This violation made it dangerous and difficult for Plaintiff to access Mazatlan Mexican Restaurant.

k. Defendant has failed to modify its discriminatory maintenance practices to ensure that the subject facility is readily accessible to and usable by disabled individuals, in violation of 28 CFR §§ 36.302 and 36.211. These violations made it dangerous and difficult for Plaintiff to access Mazatlan Mexican Restaurant.

25. The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory

Page 8 of 13

Case 3:19-cv-01017   Document 1   Filed 11/15/19   Page 8 of 13 PageID #: 8

violations through expert findings of personal observation, she has actual notice that the defendant does not intend to comply with the ADA.

26. The defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the food, beverages, services, facilities, privileges, advantages and accommodations of Mazatlan Mexican Restaurant as Defendant's able-bodied patrons.

27. Accessible elements at Mazatlan Mexican Restaurant have been altered and/or constructed since 2010.

28. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

29. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

30. Each of the violations alleged herein is readily achievable to modify to bring Mazatlan Mexican Restaurant into compliance with the ADA.

31. Removal of the physical barriers and dangerous conditions present at Mazatlan Mexican Restaurant is readily achievable because of the site conditions at the subject property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

32. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendant.

33. Removal of the physical barriers and dangerous conditions at Mazatlan Mexican Restaurant is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

34. By continuing to maintain and/or operate the subject property with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

35. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28

CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

36. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant, LLBJ, LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Mazatlan Mexican Restaurant, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

37. Plaintiff's requested relief serves the public interest.

38. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant, LLBJ, LLC pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

39. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendant, LLBJ, LLC, in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendant, LLBJ, LLC, to

(i) remove the physical barriers to access and (ii) alter Mazatlan Mexican Restaurant to make the subject property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. §36.211, to fulfill its continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D. That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F. An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 22 day of October, 2019.

Respectfully submitted,

By: _____
Luke Sanderson, Esq.
Counsel for Plaintiff
Tennessee State Bar No.: 35712

<u>Of Counsel:</u>
Wampler & Pierce, P.C.
44 N 2nd Street, Ste 502
Memphis, TN 38103
Telephone: (901) 523-1844
Email: lukesanderson55@gmail.com

**DEFENDANT TO BE SERVED:**
LLBJ, LLC
c/o Lewis Ray, as Registered Agent
6860 Lee Hwy.
Chattanooga, TN 37421-2444